NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| URIEL ANTONIO MORENO-GONZALEZ,<br><br>              Petitioner,<br><br>    v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>              Respondent. | No.    19-70661<br><br>Agency No. A208-687-436<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, BADE, Circuit Judges.

Uriel Antonio Moreno-Gonzalez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

         [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

         [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

In his opening brief, Moreno-Gonzales does not challenge the agency's dispositive conclusion that his proposed particular social group, "victims of police brutality," was not cognizable. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to consider the new proposed particular social group Moreno-Gonzalez raised in his opening brief, "people targeted for death by gang members who have Government Police working from them under color of law," because he did not raise this group before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Thus, Moreno-Gonzalez's asylum and withholding of removal claims fail.

We lack jurisdiction to consider Moreno-Gonzalez's contentions as to the IJ's denial of his CAT claim because he failed to challenge this decision to the BIA. *See Barron*, 358 F.3d at 677-78.

19-70661

We also lack jurisdiction to consider Moreno-Gonzalez's contentions that the IJ misinterpreted the law and did not allow him to present evidence. *See id.*

As stated in the court's May 21, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

19-70661